**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**P.R., A MINOR, BY AND THROUGH LONDON REED,**
**GUARDIAN AND NEXT FRIEND, ET AL.**                                **PLAINTIFFS**

**VS**                                            **CASE NUMBER 3:23-cv-243-CWR-LGI**

**THE CITY OF JACKSON, ET AL.**                              **DEFENDANTS**

## ANSWER TO COMPLAINT AND JURY TRIAL DEMAND

The City of Jackson, Mississippi, Mayor Chokwe A. Lumumba, Tony Yarber, Kishia Powell, Robert Miller, and Jerriot Smash (collectively, "Defendants"), through counsel, respond to the Complaint as follows, denying Plaintiffs are entitled to a jury trial:

Defendants deny the allegations in the unnumbered paragraphs of pages 25-28 of the Complaint.

## INTRODUCTION

1.     Plaintiffs initiated this civil action.  Otherwise, denied.

2.     Denied.

3.     Denied.

4.     Denied.

5.     Insufficient knowledge or information; therefore, denied, specifically denying the validity of the alleged communications.

6.     Insufficient knowledge or information; therefore, denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.     Denied.

1

11.     Denied.

12.     Denied.

13.     Admitted.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Insufficient knowledge or information; therefore, denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     The City Council approved a contract for Trilogy Engineering Services LLC ("Trilogy") to perform a water treatment system corrosion control study and perform other engineering services.  Otherwise, denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Except to admit Trilogy recommended the use of soda ash as a part of the City's corrosion-control treatment, denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Plaintiffs initiated this civil action, seeking monies.  Otherwise, denied.

## **JURISDICTION**

48.     Plaintiffs initiated this civil action, invoking 42 U.S.C. § 1983.  Otherwise, denied.

49.     Denied.

50.     Denied.

51.     The City is a Mississippi municipality, subject to the personal jurisdiction of the Southern District of Mississippi.  Otherwise, denied.

52.     Mayor Lumumba is a citizen and resident of Mississippi, subject to the personal jurisdiction of the Southern District of Mississippi.  Otherwise, denied.

53.     Yarber is a citizen and resident of Mississippi, subject to the personal jurisdiction of the Southern District of Mississippi.  Otherwise, denied.

54.     Except to admit Powell may be subject to the personal jurisdiction of the Southern District of Mississippi for acts she performed during her time as the City's public works director, denied.

55.     Except to admit Smash may be subject to the personal jurisdiction of the Southern District of Mississippi for acts he performed during his time as the City's interim public works director, denied.

56.     Except to admit Miller may be subject to the personal jurisdiction of the Southern District of Mississippi for acts he performed during his time as the City's public works director, denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

## **PARTIES**

62.     Insufficient knowledge or information; therefore, denied.

63.     Denied.

64.     Denied.

#101306847v2

65.     Jackson is a Mississippi municipality and the capital of Mississippi.   Jackson maintains and operates a public waterworks system consistent with its federal, state, and local government obligations.  Otherwise, denied.

66.     Denied.

67.      Mayor Lumumba is the mayor of Jackson, performing the duties and responsibilities of that office in comportment with the law.  Otherwise, denied.

68.     Yarber is a former mayor of Jackson.  Otherwise, denied.

69.     Powell is a former public works director for Jackson.  Otherwise denied.

70.     Smash is a former interim public works director for Jackson.  Otherwise denied.

71.     Miller is a former public works director for Jackson.  Otherwise, denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Jim Craig is the Senior Deputy for the Mississippi State Department of Health. Otherwise, denied.

77.     Denied.

78.     Insufficient knowledge or information; therefore, denied.

79.     Insufficient knowledge or information; therefore, denied.

80.     Insufficient knowledge or information; therefore, denied.

## STATEMENT OF FACTS

**I.      To the extent a response is required, denied.**

81.     Admitted.

82.    Admitted.

83.    Admitted.

84.    Jackson's public water system provides water for human consumption.  Otherwise, denied.

85.    A majority of Jackson's population is Black.  Otherwise, denied.

86.    Admitted.

87.    Admitted.

88.    Denied.

89.    Denied.

90.    Admitted.

91.    Admitted.

92.    Except to admit the City has an aging water system, denied.

93.    Denied.

94.    Denied.

95.    Insufficient knowledge or information; therefore, denied.

96.    Denied.

97.    Denied.

98.    In 2011, MSDH identified Hinds County as a high risk area for lead poisoning. Otherwise, denied.

99.    For the monitoring period from January 1, 2010 through December 31, 2012, for Water System No. MS0250008, the reported summary result was .0137 mg/l for lead.  Otherwise, denied.

100.    Insufficient knowledge or information; therefore, denied.

**II.     To the extent a response is required, denied.**

    101.    Denied.

    102.    Denied.

    103.    Denied.

    104.    Denied.

    105.    Denied.

    106.    Insufficient knowledge or information; therefore, denied.

    107.    Denied.

    108.    Denied.

    109.    Denied.

**III.    To the extent a response is required, denied.**

    110.    Denied.

    111.    Denied.

    112.    Except to admit—upon information and belief—the pH level of certain segments of the Pearl River has fallen below 6.5 on occasion, denied.

    113.    Denied.

    114.    Denied.

    115.    Denied.

    116.    Denied.

    117.    Denied.

    118.    Denied.

    119.    Denied.

    120.    Denied.

#101306847v2

121.    Denied.

122.    Lime may be used as a part of corrosion control.  Otherwise, denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Admitted.

127.    Admitted.

128.    Denied.

129.    Denied.

130.    Denied.

**IV.    To the extent a response is required, denied.**

131.    Denied.

132.    For the monitoring period from January 1, 2007 through December 31, 2009, for Water System No. MS0250008, the reported summary result was .0048 mg/l for lead.  Otherwise, denied.

133.    For the monitoring period from January 1, 2011 through December 31, 2013, for Water System No. MS0250008, the reported summary result was .0137 mg/l for lead.  Otherwise, denied.

134.    Except to admit the 2013 test results did not exceed the lead MCL or trigger mandatory action, denied.

135.    Denied.

136.    For the monitoring period from January 1, 2007 through December 31, 2009, for Water System No. MS0250012, the reported summary result was .0017 mg/l for lead.  Otherwise, denied.

137.    For the monitoring period from January 1, 2011 through December 31, 2013, for Water System No. MS0250012, the reported summary result was .0017 mg/l for lead.  Otherwise, denied.

**V.      To the extent a response is required, denied.**

138.    Denied.

139.    Insufficient knowledge or information; therefore, denied.

140.    Insufficient knowledge or information; therefore, denied.

141.    Insufficient knowledge or information; therefore, denied.

142.    Insufficient knowledge or information; therefore, denied.

143.    Insufficient knowledge or information; therefore, denied.

144.    Insufficient knowledge or information; therefore, denied.

145.    Insufficient knowledge or information; therefore, denied.

146.    Insufficient knowledge or information; therefore, denied.

147.    Insufficient knowledge or information; therefore, denied.

148.    Insufficient knowledge or information; therefore, denied.

149.    Insufficient knowledge or information; therefore, denied.

150.    The July 18, 2018 Press Release is quoted correctly; otherwise, denied.

151.    The July 18, 2018 Press Release is quoted correctly; otherwise, denied.

152.    Admitted.

153.    Admitted.

154.   Admitted.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

**VI.     To the extent a response is required, denied.**

#101306847v2

176.   Denied.

177.   Denied.

178.   Except to deny the Maddox Road Well system served all of Byram, admitted.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

**VII.   To the extent a response is required, denied.**

197.   Admitted.

11

198.    Denied.

199.    The SDWA speaks for itself.

200.    Denied.

201.    Denied.

202.    For the monitoring period from January 1, 2013 through December 31, 2015, for Water System No. MS0250008, Jackson reported summary results of .0286 mg/l.   Otherwise, denied.

203.    Denied.

204.    Denied.

205.    Insufficient knowledge or information; therefore, denied.

206.    Insufficient knowledge or information; therefore, denied.

207.    Insufficient knowledge or information; therefore, denied.

208.    Insufficient knowledge or information; therefore, denied.

209.    Insufficient knowledge or information; therefore, denied.

210.    Insufficient knowledge or information; therefore, denied.

211.    Insufficient knowledge or information; therefore, denied.

212.    Insufficient knowledge or information; therefore, denied.

213.    Insufficient knowledge or information; therefore, denied.

214.    Insufficient knowledge or information; therefore, denied.

215.    Insufficient knowledge or information; therefore, denied.

216.    Insufficient knowledge or information; therefore, denied.

217.    Insufficient knowledge or information; therefore, denied.

218.    Insufficient knowledge or information; therefore, denied.

#101306847v2

219.   Denied.

220.   Admitted.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Insufficient knowledge or information; therefore, denied.

225.   Insufficient knowledge or information; therefore, denied.

226.   Insufficient knowledge or information; therefore, denied.

227.   Denied.

**VIII.   To the extent a response is required, denied.**

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

232.   Denied.

233.   Denied.

234.   Insufficient knowledge or information; therefore, denied.

235.   Insufficient knowledge or information; therefore, denied.

236.   Denied.

237.   Insufficient knowledge or information; therefore, denied.

238.   Insufficient knowledge or information; therefore, denied.

239.   Denied.

240.   Denied.

#101306847v2

241.    Denied.

242.    Insufficient knowledge or information; therefore, denied.

243.    Insufficient knowledge or information; therefore, denied.

244.    Denied.

245.    Denied.

246.    Insufficient knowledge or information; therefore, denied.

247.    Insufficient knowledge or information; therefore, denied.

248.    Denied.

249.    Denied.

250.    Denied.

**IX.    To the extent a response is required, denied.**

251.    Denied.

252.    The Jackson Free Press quoted Powell as stating, "This is not a situation where you have to stop drinking the water."  Otherwise, denied.

253.    Denied.

254.    To paraphrase, Powell stated the LCR results reported to Jackson in January 2016 did not mean Jackson violated the SDWA and Jackson's water was safe.  Otherwise, denied.

255.    To paraphrase, Powell stated Flint did not have corrosion control measures, while Jackson did.  Otherwise, denied.

256.    Denied.

257.    Denied.

258.    Yarber stated Jackson was not Flint and he did not want to sound the wrong alarm. Otherwise, denied.

259.    Denied.

260.    Denied.

261.    Powell stated "there is no lead in the drinking water as it leaves the plant."
Otherwise, denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Insufficient knowledge or information; therefore, denied.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

**X.    To the extent a response is required, denied.**

276.    Admitted.

277.    Admitted.

278.    Admitted.

279.    Admitted.

15

280.    Admitted.

281.    Admitted.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Admitted.

288.    Admitted.

289.    Denied.

290.    Denied.

**XI.**    **To the extent a response is required, denied.**

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

**XII.**    **To the extent a response is required, denied.**

296.    Insufficient knowledge or information; therefore, denied.

297.    Admitted.

298.    Denied.

**XIII.**    **To the extent a response is required, denied.**

299.    Denied.

16

300.  Denied.

301.  Denied.

302.  Denied.

**XIV.  To the extent a response is required, denied.**

303.  In February 2016, Jackson agreed to a Compliance Plan.  Otherwise, denied.

304.  Admitted.

305.  Admitted.

306.  Denied.

307.  Admitted.

308.  Denied.

309.  Trilogy was retained to conduct, among other things, a corrosion control study. Otherwise, denied.

310.  Denied.

311.  Denied.

312.  Denied.

313.  Denied.

314.  Denied.

315.  Admitted.

316.  The use of soda ash was one of Trilogy's recommendations to Jackson.  Otherwise, denied.

317.  Admitted.

318.  Denied.

319.    Jackson issued the July 18, 2018 Release, entitled "The City of Jackson Addresses Technical Violations Found in Water Treatment Process."  Otherwise, denied.

320.    Jackson issued the July 18, 2018 Release, entitled "The City of Jackson Addresses Technical Violations Found in Water Treatment Process."  Otherwise, denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied.

327.    Denied.

328.    Trilogy recommended the switch.  Otherwise, denied.

329.    Denied.

330.    Denied.

**XV.    To the extent a response is required, admitted.**

331.    Admitted.

332.    The Emergency Administrative Order speaks for itself.

333.    The Cover Letter speaks for itself.

334.    The Emergency Administrative Order speaks for itself.

335.    The Emergency Administrative Order speaks for itself.

336.    The Emergency Administrative Order speaks for itself.

337.    The Emergency Administrative Order speaks for itself.

338.    Denied.

#101306847v2

339.    Denied.

340.    Denied.

341.    Denied.

**XVI.   To the extent a response is required, denied.**

342.    Denied.

343.    Admitted.

344.    Denied.

345.    Denied.

346.    The quote from the Notice of Compliance is in the Notice.  Otherwise, denied.

347.    The EPA's director of the Enforcement and Compliance Assurance Division made that statement.  Otherwise, denied.

348.    Denied.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Denied.

353.    Denied.

**XVII.  To the extent a response is required, denied.**

354.    Denied.

355.    The first sentence is denied.  Insufficient knowledge or information regarding the remainder; therefore, denied.

356.    Insufficient knowledge or information; therefore, denied.

357.    Insufficient knowledge or information; therefore, denied.

19

358.   Insufficient knowledge or information; therefore, denied.

359.   Insufficient knowledge or information; therefore, denied.

360.   Insufficient knowledge or information; therefore, denied.

361.   Insufficient knowledge or information; therefore, denied.

362.   Insufficient knowledge or information; therefore, denied.

363.   Denied.

364.   Denied.

**XVIII. To the extent a response is required, denied.**

365.   Denied.

366.   Insufficient knowledge or information; therefore, denied.

367.   Denied.

368.   Insufficient knowledge or information; therefore, denied.

369.   Denied.

**XIX.   To the extent a response is required, denied.**

370.   Insufficient knowledge or information; therefore, denied.

371.   Insufficient knowledge or information; therefore, denied.

372.   Insufficient knowledge or information; therefore, denied.

373.   Insufficient knowledge or information; therefore, denied.

374.   Insufficient knowledge or information; therefore, denied.

375.   Denied.

376.   Insufficient knowledge or information; therefore, denied.

377.   Insufficient knowledge or information; therefore, denied.

378.   Insufficient knowledge or information; therefore, denied.

#101306847v2

379.    Insufficient knowledge or information; therefore, denied.

380.    Denied.

381.    Insufficient knowledge or information; therefore, denied.

## CLAIMS FOR RELIEF

### COUNT I

382.    Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

383.    Denied.

384.    Denied.

385.    Denied.

386.    Denied.

387.    Denied.

388.    Denied *in toto*.

389.    Denied.

### COUNT II

390.    Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

391.    Denied.

392.    Denied.

393.    Denied.

394.    Denied.

395.    Denied.

396.    Denied.

21

397.    Denied.

398.    Denied.

399.    Denied *in toto*.

400.    Denied.

## **COUNT III**

401.    Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

402.    Denied.

403.    Insufficient knowledge or information; therefore, denied.

404.    Insufficient knowledge or information; therefore, denied.

405.    Denied.

406.    Insufficient knowledge or information; therefore, denied.

407.    Insufficient knowledge or information; therefore, denied.

408.    Denied.

409.    Denied *in toto*.

410.    Denied.

411.    Denied.

412.    Denied.

413.    Denied.

414.    Denied.

415.    Denied.

416.    Denied.

417.    Upon information and belief, admitted.

#101306847v2

418.    Denied.

419.    Denied.

## COUNT IV

420.    Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

421.    Insufficient knowledge or information; therefore, denied.

422.    Insufficient knowledge or information; therefore, denied.

423.    Insufficient knowledge or information; therefore, denied.

424.    Insufficient knowledge or information; therefore, denied.

425.    Insufficient knowledge or information; therefore, denied.

426.    Denied.

427.    Denied.

428.    Denied.

429.    Denied.

430.    Denied.

431.    Denied.

432.    Denied.

## COUNT V

433.    Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

434.    Insufficient knowledge or information; therefore, denied.

435.    Insufficient knowledge or information; therefore, denied.

436.    Insufficient knowledge or information; therefore, denied.

23

437.   Insufficient knowledge or information; therefore, denied.

438.   Insufficient knowledge or information; therefore, denied.

439.   Denied.

440.   Denied.

441.   Denied.

442.   Denied.

443.   Denied.

444.   Denied.

## DEMAND FOR JURY TRIAL

445.   Plaintiffs are not entitled to a jury trial on Count III of their Complaint.

## RELIEF REQUESTED

446.   Denied *in toto*, specifically denying Plaintiffs are entitled to any relief from Defendants.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted, and their claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction.  Standing is an element of subject matter jurisdiction.  Standing analysis proceeds plaintiff-by-plaintiff and claim-by-claim.  *See, e.g.*, *In re Gee*, 941 F.3d 153, 171 (5th Cir. 2019).  Plaintiffs cannot show that each has suffered a concrete injury that is fairly traceable to actions of the defendant.  Plaintiffs fail to particularize where they

24

lived in Jackson, when, and for how long.  Given that the City's elevated lead levels were limited in time and to certain portions of the City, these facts are necessary to establish standing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs bringing suit as "guardian and next friend" may lack capacity to do so under Federal Rules of Civil Procedure 17(b) and (c).  Under Mississippi law, "A person becomes a guardian for a minor only on appointment by the court."  MISS. CODE § 93-20-201(1).  Plaintiffs have not established that they have been court-appointed as guardians.  Under Rule 17(c), Plaintiffs may sue as "next friends" if the Court, in its discretion, determines that Plaintiffs will adequately protect the minors' interests.

### FOURTH AFFIRMATIVE DEFENSE

Mayor Lumumba is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

### FIFTH AFFIRMATIVE DEFENSE

Miller is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

### SIXTH AFFIRMATIVE DEFENSE

Smash is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

### SEVENTH AFFIRMATIVE DEFENSE

Powell is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

### EIGHTH AFFIRMATIVE DEFENSE

Yarber is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

### NINTH AFFIRMATIVE DEFENSE

The acts Plaintiffs allege occurred did not violate Plaintiffs' clearly established constitutional rights of which a reasonable person would have known.

## TENTH AFFIRMATIVE DEFENSE

Defendants assert that they and their officials, employees, and/or agents acted in good-faith and neither directly nor indirectly performed any acts whatsoever which would constitute a violation of any laws or regulations or a violation of any right or any duty owed to Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants and their officials, employees, and/or agents were performing their duties in a reasonable manner consistent with the exigent circumstances that emerged or existed at the time. In all manners, the actions of said Defendants and/or their officials, employees, and/or agents were reasonable and proper based upon the exigent circumstances that existed at the time.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against the City under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), for violation of Plaintiffs' constitutional rights pursuant to § 1983.

## THIRTEENTH AFFIRMATIVE DEFENSE

No official policy, practice, or custom has been promulgated, existed, and/or served to deprive Plaintiffs of their constitutional rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive and exemplary damages from the City fails as a matter of law under § 1983. *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

## FIFTEENTH AFFIRMATIVE DEFENSE

Under Fifth Circuit precedent and 42 U.S.C. § 1988, state law governs apportionment of fault for liability under 42 U.S.C. § 1983. Mississippi law requires that fault be apportioned between joint tortfeasors, including those immune from suit or not named as defendants, absent a

conscious and deliberate pursuit of a common plan to commit a tortious act. MISS. CODE § 85-5-7. To the extent any Defendant is at fault, which is denied, fault should be allocated to each Defendant in direct proportion to his or her percentage of fault, taking into account the percentage of fault borne by other parties, including, but not limited to, the owners of Plaintiffs' homes and underlying water service lines.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Certain minor Plaintiffs may live in homes with lead paint and/or lead blinds, or may have been exposed to lead through sources other than the City's public water supply, which may be a superseding or intervening cause of any injuries Plaintiffs claim.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent any minor Plaintiff had a court-appointed guardian before October 19, 2021, the statute of limitations ceased to toll under Mississippi Code § 15-1-53, and those individual Plaintiffs' claims are time-barred.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Because Plaintiffs live in different areas of the City, with different water service lines, Plaintiffs do not necessarily assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and they are misjoined under Federal Rule of Civil Procedure 20(a)(1).

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent any employee of the City's alleged actions constitute fraud or a criminal offense, the City has not waived its immunity for state law claims for the conduct of such employee under Mississippi Code §§ 11-46-5 and -7.

27

## TWENTIETH AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-9(1)(a), Defendants are not liable for any of Plaintiffs' asserted state law claims because such claims arise out of action of a legislative nature.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-9(1)(b), Defendants are not liable for any of Plaintiffs' asserted state law claims because such claims arise out of an act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, in the execution or performance of, or in the failure to execute or perform a statute, ordinance, or regulation, whether or not the statute, ordinance, or regulation be valid.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-9(1)(d), Defendants are not liable for any of Plaintiffs' asserted state law claims because such claims are based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-9(1)(g), Defendants are not liable for any of Plaintiffs' asserted state law claims because such claims arise out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel, and, in general, the provision of adequate governmental services.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-9(1)(p), Defendants are not liable for any of Plaintiffs' asserted state law claims arising out of a plan or design for construction or  improvements to public

#101306847v2

property, including, but not limited to, public buildings, highways, roads, streets, bridges, levees, dikes, dams, impoundments, drainage channels, diversion channels, harbors, ports, wharfs, or docks, where such plan or design has been approved in advance of the construction or improvement by the legislative body or governing authority of a governmental entity or by some other body or administrative agency exercising discretion by authority to give such approval and where such plan or design is in conformity with engineering or design standards in effect at the time of preparation of the plan or design.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Mississippi Tort Claims Act, Mississippi Code §§ 11-46-11 *et seq.*, requires that Plaintiffs give notice of any tort claims in writing, delivered in person or by registered or certified United States mail, at least ninety (90) days before instituting suit.  No action whatsoever may be maintained by the claimant until the claimant receives a notice of denial of claim or the tolling period expires, whichever comes first, after which the claimant has an additional ninety (90) days to file suit; failure to file within the time allowed is an absolute bar to any further proceedings under this chapter.  Mississippi Code § 11-46-11(3)(b).  Plaintiffs did not serve the required notice.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The statute of limitations for Mississippi Tort Claims Act claims is one year, plus ninety-five (95) days from the date of the serving notice of claim.  To the extent any minor Plaintiff had a court-appointed guardian on or before July 15, 2020, and that Plaintiff suffered his or her injuries on or before July 15, 2020, that Plaintiff's claims are not tolled under Mississippi Code § 15-1-53 and are time-barred under Mississippi Code § 11-46-11(3)(a).

#101306847v2

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiffs' claims under the Mississippi Tort Claims Act survive to trial, those claims must be tried without a jury under Mississippi Code § 11-46-13, and Defendants deny that Plaintiffs have any right to a trial by jury on that claim.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-15(2), Plaintiffs are barred from recovery of exemplary or punitive damages, pre-judgment interest, or attorneys' fees against Defendants for any claims under the Mississippi Tort Claims Act.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants plead as an affirmative defense Mississippi Code § 11-46-15(1)(c), which caps liability for all claims against a government entity or its employee arising out of a single occurrence at Five Hundred Thousand Dollars ($500,000).

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent any Plaintiffs received specific notice from the City regarding the potential risks of lead contamination and chose to ingest the water anyway, and to the extent Plaintiffs are responsible for lead exposure from sources other than the public water supply, those Plaintiffs' damages, if any, should be diminished in proportion to the amount of negligence attributable to the person injured under Mississippi Code § 11-7-15.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Some or all Plaintiffs may have failed to mitigate their damages.

#101306847v2

## THIRTY-SECOND AFFIRMATIVE DEFENSE

One or more superseding and/or intervening causes—such as a preexisting medical condition or conditions—preclude any finding of liability for damages on the part of these Defendants.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The measure of Plaintiffs' damages, if any, are based upon guesswork, speculation, and conjecture.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 1983 are preempted by the Safe Drinking Water Act.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-7(2), the individual Defendants—namely Mayor Lumumba, Yarber, Powell, Smash, and Miller—cannot be held personally liable for acts or omissions occurring within the course and scope of his or her employment.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

All actions taken by Defendants and/or their officials, employees, and/or agents during the incident complained of were within the scope of their employment and jurisdiction in the good-faith belief that their actions were reasonable, proper, and lawful.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

That at all times pertinent herein, Defendants and/or their officials, employees, and/or agents were and are presently duly qualified and herein engaged in the performance of their regularly assigned duties, and further, these individual officials, employees, and/or agents at all times herein acted in good-faith and without malice.

RESPECTFULLY SUBMITTED, this the 18th day of May, 2023.

/s/ Clarence Webster, III
CLARENCE WEBSTER, III

Clarence Webster, III (MSB #102111)
Kaytie M. Pickett (MSB #103202)
Adam Stone (MSB #10412)
JONES WALKER LLP
190 E. Capitol Street, Suite 800
Jackson, MS 39201
Telephone: (601) 949-4900
Facsimile: (601) 949-4804
cwebster@joneswalker.com
kpickett@joneswalker.com
astone@joneswalker.com
*Counsel for the City of Jackson*

/s/ Terris C. Harris
TERRIS C. HARRIS

Terris C. Harris (MSB #99433)
THE COCHRAN FIRM-JACKSON, LLC
197 Charmant Place, Suite 2
Ridgeland, MS 39157
Telephone: (601) 790-7600
tharris@cochranfirm.com
*Counsel for Tony Yarber, Kishia Powell
and Jerriot Smash*

/s/ John F. Hawkins
JOHN F. HAWKINS

John F. Hawkins (MSB #9556)
HAWKINS LAW, P.C.
226 North President Street (39201)
Post Office Box 24627
Jackson, MS 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580
john@hgattorneys.com
*Counsel for Mayor Chokwe A.
Lumumba and Robert Miller*

32

#101306847v2

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2023, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which served a copy of the foregoing on all counsel of record.

*/s/ Clarence Webster, III*
CLARENCE WEBSTER, III

#101306847v2