# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| J.W., a minor, by and through Amanda Williams, Guardian and Next Friend, | Case No. 3:23-cv-246 |
| P.R., a minor, by and through London Reed, Guardian and Next Friend, et al., | Case No. 3:23-cv-243 |
| *Plaintiffs*, | Hon. Carlton W. Reeves<br>Mag. LaKeysha Greer Isaac |
| v. | |
| The City of Jackson, Mississippi; Chockwe A. Lumumba, Jr.; Tony Yarber; Kishia Powell; Robert Miller; Jerriot Smash; The Mississippi State Department of Health; Jim Craig; Trilogy Engineering Services, LLC; and John Does 1-40 | |
| *Defendants*. | |

---

## PLAINTIFFS' OPPOSITION TO DEFENDANTS JIM CRAIG'S AND MISSISSIPPI DEPARTMENT OF HEALTH'S MOTION TO DISMISS

---

Plaintiffs in the above captioned cases hereby submit their opposition to Defendants Jim Craig's and Mississippi's Department of Health's Motion to Dismiss, and state as follows

1.      Defendants the Mississippi State Department of Health and Jim Craig ("State Defendants") previously moved to dismiss the same claims made by these

same Plaintiffs. Case No. 21-cv-00663-CWR-LGI, **[ECF Nos. 60, 80]**; Case No. 3:22-CV-171-CWR-LGI, **[ECF Nos. 42, 44].**

2. After briefing and oral argument, on March 23, 2023, the Honorable District Court Judge Reeves entered an Order, granting in part and denying in part Defendants' motions. Case No. 21-cv-00663-CWR-LGI, **[ECF No. 135] (**ORDER granting in part and denying in part 60 Motion to Dismiss; granting in part and denying in part 80 Motion for Judgment on the Pleadings; granting 82 Motion to Dismiss and for Qualified Immunity; granting 84 Motion to Dismiss and for Qualified Immunity; and granting 86 Motion for Judgment on the Pleadings and for Qualified Immunity).

3. The Court's March 23, 2023 order, states in part: "the City of Jackson's motion for judgment on the pleadings is **GRANTED** with respect to the MTCA claims in Cause Nos. 3:21-CV-663 and 3:21-CV-667, and those claims are **DISMISSED WITHOUT PREJUDICE** to their refiling;" it further states: "When the cases are refiled, counsel shall note on the Civil Cover Sheet that the new filing is related to this instant case so that the new action will be processed accordingly." *Id.*

4. Subsequently, on May 9, 2023, the parties separately submitted to the Court correspondence regarding a proposed Case Management Order, wherein all

parties agreed that the Court's March 23, 2023 order should be deemed filed and applicable as to all parties in this case.[1]

5.      In an effort to comport with the Court's March 23, 2023 order, on April 10, 2023, the complaint giving rise to the instant motion was filed, and which clearly states:

> Notwithstanding the inclusion of certain claims herein that were dismissed by Judge Reeves, Plaintiffs fully intend to abide by Judge Reeves' ruling—which dismissed Plaintiffs' claims against the individual defendants and Plaintiffs' § 1983 for state created danger against the City of Jackson—and have only included those claims (and defendants) here, out of an abundance of caution to preserve their appellate rights. [] Plaintiffs maintain that Judge Reeves' ruling should apply in its entirety to this complaint insofar as the defendants need not-re-litigate the issues already determined by the Court in its March 23, 2023 order. *See, e.g., Lindquist v. City of Pasadena*, 669 F.3d 225, 238 (5th Cir. 2012) ("The law-of-the-case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case.") (internal quotations omitted).

**[ECF No. 1].[2]**

6.      Notwithstanding the foregoing, State Defendants chose to file a motion to dismiss Plaintiffs' claims in this action under the same theories that were previously before the Court and made the basis of the March 23, 2023 Order, rather

---

[1] Plaintiffs and State Defendants transmitted separate email communications to the Court on May 9, 2023.

[2] Case No. 3:21-cv-663 was refiled as Case No. 3:23-cv-246; Case No. 3:21-cv-667 was refiled as Case No. 3:23-cv-243.

than simply filing a stipulation, which Plaintiffs suggested, or waiting on further direction from the Court and relying on the language in the Complaint as articulated in ¶ 5, herein.

7.      To the extent the Court requires briefing on State Defendants' motion, Plaintiffs incorporate by reference their responsive pleadings and arguments made before the Court on these same issues, which was partially the basis for the Court's March 23, 2023 Order, as if fully stated herein.

Dated: June 19, 2023

Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/ Corey M Stern
Corey M. Stern, *PHV* 49568
605 Third Avenue, 33rd Floor
New York, New York 10158
(212) 605-6298
cstern@levylaw.com

/s/ Melanie Daly
Melanie Daly, *PHV* 49758
605 Third Avenue, 33rd Floor
New York, New York 10158
(212) 605-6275
mdaly@levylaw.com

-and-

**CHHABRA & GIBBS, P.A.**

/s/ Rogen K. Chhabra
Rogen K. Chhabra
120 N. Congress St., Suite 200
Jackson, MS 39201
(601) 948-8005
rchhabra@cglawms.com

/s/ Darryl M. Gibbs
Darryl M. Gibbs
120 N. Congress St., Suite 200
Jackson, MS 39201
(601) 948-8005
dgibbs@cglawms.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2023, the foregoing document was filed via the U.S. District Court's CM/ECF electronic system, and a copy thereof was served upon all counsel of record.

/s/ COREY M. STERN
Corey M. Stern